```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
LENIN HERRERA,

                Petitioner,                    MEMORANDUM AND ORDER

          - against -                             18 Cr. 13 (NRB)
                                                 19 Civ. 10637 (NRB)

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On December 3, 2019, the Court denied Lenin Herrera's petition under 28 U.S.C. § 2255 to vacate his sentence for ineffective assistance of counsel. See Herrera v. United States, 19 Civ. 10637 (NRB), 2019 WL 6498102 (S.D.N.Y. Dec. 3, 2019). Herrera now moves the Court to reconsider that decision. Herrera's motion for reconsideration is denied for the reasons stated herein.

## BACKGROUND

The Court assumes familiarity with its prior decision and the background described therein. See Herrera, 2019 WL 6498102, at *1-2. Several weeks after the Court issued its decision, on December 30, 2019, Herrera mailed the instant motion to the Court. ECF No. 41 at 7.[1] In his motion, Herrera asserts for the first

---

[1] All ECF citations are to the docket for Herrera's criminal case, 18 Cr. 13.

1

time that, prior to pleading guilty, he told his counsel "that he had no knowledge of the firearm" and that "he was not prepared to plea to such firearm," that his counsel instructed him "to 'just say yes'" to the Court's questions during his plea, and that his counsel told him "that he would not be enhanced or sentenced to a firearm conviction." ECF No. 41 at 4. Herrera also asserts that he would not have pled guilty had his counsel told him that his sentence could be enhanced for possessing a firearm. ECF No. 41 at 5. Based on these assertions, Herrera asks the Court to reconsider its decision that Herrera's counsel's failure to challenge a sentencing enhancement for possessing a firearm during Herrera's sentencing did not violate Herrera's Sixth Amendment right to effective assistance of counsel.

## DISCUSSION

Courts construe a motion to reconsider the denial of relief under § 2255 as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) if the motion is timely filed under Rule 59(e). See United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993). The Court accordingly construes Herrera's motion for reconsideration as a motion under Rule 59(e) because a motion is timely under that Rule if it is "filed no later than 28 days after the entry of judgment," Fed. R. Civ. P. 59(e), and Herrera placed his motion in the prison mailbox 27 days after the Court issued its decision, see Johnson v. Coombe, 156 F.Supp. 2d 273, 277

2

(S.D.N.Y. 2001) ("prisoners proceeding pro se get the benefit of the mailbox rule, according to which their documents are considered filed as of the date they were given to prison officials for forwarding to the court.").

Under Rule 59(e), reconsideration of a previous decision is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F.Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citations and quotation marks omitted). Accordingly, "[t]he standard for reconsideration is strict and the decision is within the sound discretion of the district court." R.B. ex rel. A.B. v. Dep't of Educ. of City of N.Y., No. 10 Civ. 6684 (RJS), 2012 WL 2588888, at *3 (S.D.N.Y. July 2, 2012) (internal quotation marks omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citations omitted). "A motion for reconsideration 'may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the Court.'" Vaigasi v. Solow Mgmt. Corp., No. 11 Civ. 5088 (RMB), 2014 WL 5809604, at *1

(S.D.N.Y. Nov. 6, 2014) (quoting R.B. ex rel. A.B., 2012 WL 2588888, at *3). Put differently, the movant must "point to controlling decisions or data that the court overlooked." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

Applying these standards, the Court denies Herrera's motion for reconsideration. Herrera identifies no intervening change of controlling law. Moreover, the facts on which Herrera bases his motion are not newly available because he was aware of them when he filed his § 2255 petition. See, e.g., Becnel v. Deutsche Bank AG, 838 F.Supp. 2d 168, 171 (S.D.N.Y. 2011) (explaining that evidence is newly available only if "'the movant [was] justifiably ignorant of them despite due diligence'" (quoting United States v. Int'l Broth. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001))). Nor can Herrera argue that the Court's prior decision overlooked those facts given that they were not part of the record before the Court when it adjudicated his petition. See Rafter v. Liddle, 288 Fed. App'x 768, 769 (2d Cir. 2008) ("[W]e do not consider facts not in the record to be facts that the court overlooked." (internal quotation marks omitted)).

Herrera also cannot demonstrate the need to correct a clear error or prevent manifest injustice. Herrera does not contend that the Court committed any legal or factual error. Moreover,

Herrera's plea allocution with Judge Forrest[2] utterly belies the factual assertions on which he bases his motion for reconsideration. During his plea, Herrera acknowledged under oath that that he was "'agreeing that a two-level increase in the offense level is applicable here because a firearm was possessed'" and that he "'w[ould] not be able to argue at the time of sentencing that a firearm was not possessed.'" Herrera, 2019 WL 6498102, at *2 (quoting ECF No. 19 (Plea Transcript)). Furthermore, Herrera testified that he "had enough time to speak with [his counsel] about [his] case and any defenses that [he] may have," that he "had enough time to speak to [his counsel] about the plea agreement and the terms of the plea agreement," which included the sentencing enhancement for possessing a firearm, and that he was "satisfied with [his counsel's] representation of [him]," ECF No. 19 at 6:18-7:2. Herrera also attested that he "read th[e] [plea] agreement before [he] signed it," that he "underst[ood] what [he] w[as] agreeing to before [he] signed the agreement," and that he "ma[de] [his] decision about whether or not [he] want[s] to plead guilty voluntarily and of [his] own free will." ECF No. 19 at 10:4-8, 11:2-7. Herrera cannot just controvert this sworn testimony in order to obtain reconsideration of the Court's prior decision. Cf. United States v. Evans, 537 Fed. App'x 10, 10 (2d Cir. 2013)

---

[2] Herrera's case was reassigned to the undersigned for sentencing following Judge Forrest's resignation from the bench.

("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." (internal quotation marks omitted)).

**CONCLUSION**

Herrera's motion for reconsideration is denied. As Herrera has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253. Moreover, the Court certifies that any appeal from this Memorandum and Order would not be taken in "good faith" within the meaning of 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to terminate any motions pending in 18 Cr. 13 and 19 Civ. 10637.

**SO ORDERED.**

Dated:   New York, New York
         March 19, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copy to:

Lenin Herrera
Reg. No. 91202-054
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, PA 17887