UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
LENIN HERRERA,

        Petitioner,

    - against -

UNITED STATES OF AMERICA,

        Respondent.
--------------------------------X

**MEMORANDUM AND ORDER**

19 Civ. 10637 (NRB)
18 Cr. 13 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


On December 3, 2019, the Court denied defendant Lenin Herrera's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 for ineffective assistance of counsel. See Herrera v. United States, 19 Civ. 10637 (NRB), 2019 WL 6498102 (S.D.N.Y. Dec. 3, 2019) ("Herrera I"). On March 19, 2020, the Court denied Herrera's motion to reconsider its denial of his motion. See Herrera v. United States, 19 Civ. 10637 (NRB), 2020 WL 1322543 (S.D.N.Y. Mar. 19, 2020).

On May 19, 2020, Herrera filed another motion, styled as a "Motion Under Garza v. Idaho," in which he again argues that his attorney's representation was constitutionally inadequate. See Case No. 19 Civ. 10637, ECF No. 7 ("Mot.") at 1-2. Specifically, Herrera argues that his attorney's failure to file a notice of appeal after the Court sentenced him constituted ineffective assistance of counsel under Garza v. Idaho, in which the Supreme

Court held that "where . . . an attorney performs deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice is presumed 'with no further showing from the defendant of the merits of his underlying claims.'"  139 S. Ct. 738, 750 (2019) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)).  According to Herrera, had his counsel filed a notice of appeal, he could have challenged on appeal the two-level increase to his base offense level under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm, to which Herrera had agreed in his plea agreement.  See Mot. at 3.

Herrera's motion is patently frivolous for numerous reasons. As an example, Herrera does not claim, nor is there any indication in the record, that he instructed his attorney to file a notice of appeal after the Court sentenced him.  Moreover, in his plea agreement, Herrera agreed that he would not challenge on appeal the sentencing enhancement for possession of a firearm.  See Plea Agreement at 4 ("[A]ny appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation," which included the two-level offense level increase for possession of a firearm).

Although Herrera's motion is meritless, the Court is without jurisdiction to adjudicate it.  While Herrera styles his motion under Garza v. Idaho, it challenges the constitutionality of the

imposition of his sentence, which, in a federal district court, must done pursuant to 28 U.S.C. § 2255.  Moreover, Herrera's motion is "second or successive" within the meaning of 28 U.S.C. § 2255(h) because it raises a claim (in fact, the same claim) regarding the same sentence as his first § 2255 petition, which the Court denied on the merits.  See Villanueva v. United States, 346 F.3d 55, 60 (2d Cir. 2003).  Thus, he was required to obtain certification from the Second Circuit before filing it, which he did not do. See 28 U.S.C. § 2255(h).  Absent such certification, the Court lacks jurisdiction over Herrera's motion, and must transfer it to the Second Circuit for its consideration pursuant to 28 U.S.C. § 1631.  See Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003).

Accordingly, the Clerk of Court is respectfully directed to transfer Herrera's successive § 2255 motion to the Second Circuit for its consideration under 28 U.S.C. § 2255(h), and to terminate the motions pending at ECF No. 7 in 19 Civ. 10637 and ECF No. 45 in 18 Cr. 13.

**SO ORDERED.**

Dated:    New York, New York
          June 1, 2020

_____
     NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copy to:

Lenin Herrera
Reg. No. 91202-054
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, PA 17887